NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 7, 2022
Decided June 15, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2586

| | |
|---|---|
| ESTATE OF TAVARIS McGUIRE,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19-cv-00876-TWP-MJD |
| JERAMIE DODD, et al.,<br>*Defendants-Appellants*. | Tanya Walton Pratt<br>*Chief Judge*. |

**O R D E R**

In this interlocutory appeal, three police officers accused of contributing to Tavaris McGuire's overdose death in custody challenge the denial of their summary judgment motion. The officers argue that the district court improperly passed over the question of qualified immunity and ask us to find them entitled to such immunity on appeal. But their appeal is premature. The district court did not rule on the question of qualified immunity, so we dismiss the appeal for the district court to answer that question in the first instance.

McGuire was a passenger in a vehicle stopped for failing to signal by Kokomo, Indiana police officers Aaron Tarrh, Jeramie Dodd, and Richie Sears. Dodd arrested

McGuire after finding methamphetamine on his person. Dodd then drove McGuire to the Howard County Detention Facility. In the booking area, McGuire showed signs of overdose, and Dodd called an ambulance. McGuire died at a nearby hospital an hour later. Autopsy and toxicology reports showed that he had swallowed a fatal quantity of methamphetamine.

McGuire's estate sued in Howard County Superior Court under 42 U.S.C. § 1983 and state law against the City of Kokomo, Howard County, various city and county officials, and the arresting officers—Dodd, Tarrh, and Sears. The estate alleged that the officers contributed to McGuire's death by unreasonably delaying lifesaving medical care after his arrest. The defendants removed the case to federal court under 28 U.S.C. § 1441(a), invoking original federal jurisdiction under 28 U.S.C. §§ 1331 and 1367. The parties later jointly stipulated to the dismissal of the city and county, leaving only individual city officials and the police officers as defendants.

As relevant to this appeal, Officers Dodd, Tarrh, and Sears filed a motion for summary judgment, in which they squarely raised qualified immunity as a defense. But the district court did not address that defense. Instead, it denied the summary judgment motion on the estate's § 1983 and negligence claims, holding that a jury needed to consider whether the officers "were objectively reasonable in their handling of McGuire's need for medical treatment." The officers have filed an interlocutory appeal of that denial of summary judgment.

Ordinarily, the denial of a motion for summary judgment is not an appealable final decision under 28 U.S.C. § 1291. The collateral-order doctrine provides an exception for a small class of rulings deemed final because they are "conclusive," "resolve important questions separate from the merits," and are "effectively unreviewable on appeal from the final judgment in the underlying action." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (citations and quotation marks omitted). This class includes the "denial of a claim of qualified immunity," *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (emphasis added), provided that the appellate court can decide the issue on purely legal grounds, see *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995).

Yet there's been no *denial* of a claim of qualified immunity here. Rather, the district court failed to reach the issue entirely. Because the district court skipped qualified immunity "without indicating [its] reasons for doing so," we cannot separate its reviewable and unreviewable determinations. *Johnson*, 515 U.S. at 319. We therefore

must dismiss the appeal so that the district court can address the issue of qualified immunity in the first instance.

In doing so, we remind the district court of "the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal citation omitted). As a result, we trust that the district court will, before trial, answer the qualified immunity question by considering whether the evidence would allow a reasonable jury to conclude that any of the defendant officers violated McGuire's clearly established constitutional or statutory rights. *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012).

DISMISSED